PETITION OF HAROLD F. GREGG.
No. 10799
Decided May 14, 1964.
392 P.2d 87.

PER CURIAM:

Original proceeding.

Petition for an alternative writ of mandate filed by Harold F. Gregg, an inmate of the Montana State Prison, appearing pro se.

Petitioner complains that the warden of the prison has failed to carry out his obligations toward him as an inmate of the

prison in that he has refused to allow petitioner the right to confer with or contact his attorney, and likewise refused to permit him to contact the local Social Security Board for information, and secondly, that the warden has refused to provide medical care for him. By reason of the charges made by petitioner the court has made inquiry that it might be informed as to the fact situation.

As to the matter of conferring with counsel, petitioner states that he wrote a letter to his attorney which the warden refused to forward, informing petitioner that the letter was disapproved and placed in the convict's file for the reason that the warden would not permit grisly half truths to be sent out by letter. It is true that the warden refused to transmit the "grisly" letter because of its contents and advised petitioner to write one and eliminate the fabrications that were contained therein. Petitioner has made no attempt to comply with this request nor does petitioner make any contention here that the letter was not as described by the warden. The warden has certain discretionary powers imputed to him in the management of the prison and the supervision and care of the inmates and in the absence of a showing that he has abused such discretion his actions must be approved. To retain a letter characterized as "grisly," containing fabrications, could hardly be called an abuse of discretion.

Petitioner with respect to the Social Security matter sought information as to payment of funds for the education of two minor daughters and the warden refused to transmit the inquiry on the basis, as stated by petitioner, of family facts. Petitioner is under sentence of life imprisonment for murder. No purpose would be served here by reciting the "family facts" petitioner refers to. Suffice it to say they do exist and it is our considered judgment that the warden has acted in a humane manner and has not abused his discretion.

As to the alleged failure to provide medical care, this consists of the desire of petitioner for new glasses and a

hearing aid and the failure to furnish him with them. Admittedly the hearing of petitioner is defective, due to his age of 69 years, but the medical department of the prison does not think a hearing aid necessary as petitioner is able to hear quite well. As to the glasses petitioner states the lenses were scratched as the result of an incident in the prison. The warden requested the name of the officer in charge when the incident occurred that he might investigate and secure a report. Petitioner apparently has failed to comply with the warden's request. There is no abuse of discretion here.

No meritorious cause appearing for the issuance of an alternative writ the request is denied and the petition is dismissed.